JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Ani Sakalian, SBN: 274846
    E-mail: asakalian@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
FOREVER 21, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HI FASHION, INC., a California Corporation, et al., <br><br> Defendants. | Case No.: CV11-01931 GW (FMOx) <br><br> **PERMANENT INJUNCTION ORDER** <br><br> Complaint Filed: March 7, 2011 |

Having reviewed the Stipulation to Issuance of Permanent Injunction entered into between Plaintiff Forever 21, Inc. ("Forever 21") and Defendant Hi Fashion, Inc. ("Hi Fashion"), and good cause appearing, the Court hereby finds as follows:

1. WHEREAS Forever 21 is the owner of numerous trademarks which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including clothing and accessories. Forever 21 owns all rights in and to a family of Forever 21 federally registered trademarks which include the following, among others (collectively, "FOREVER 21 Registered Marks"):

| **Trademark** | **Reg. No.** | **Reg. Date** |
| --- | --- | --- |
| FOREVER 21 | 2,583,457 | June 18, 2002 |
| FOREVER 21 | 2,836,546 | April 27, 2004 |
| FOREVER 21 | 2,913,132 | December 21, 2004 |
| FOREVER 21 | 2,067,637 | June 3, 1997 |
| XXI | 2,873,174 | August 17, 2004 |
| XXI | 2,914,810 | December 28, 2004 |
| XXI | 2,842,184 | May 18, 2004 |
| HERITAGE 1981 | 3,447,097 | June 10, 2008 |
| FORLOVE21 | 3,140,565 | September 5, 2006 |
| FORLOVE21 | 3,140,561 | September 5, 2006 |
| LOVE & BEAUTY | 3,794,963 | May 25, 2010 |
| LOVE 21 | 3,775,903 | April 13, 2010 |
| TWELVE BY TWELVE | 3,518,050 | October 14, 2008 |
| FOREVER STATIONERY | 3,689,946 | September 29, 2009 |
| FOREVER XXI | 2,889,536 | September 28, 2004 |
| FOREVER XXI | 2,940,346 | April 12, 2005 |
| FASHION 21 | 2,848,238 | June 1, 2004 |

2. WHEREAS Forever 21 also owns all rights in and to a family of Forever 21 common law trademarks which include the following (collectively,

"FOREVER 21 Common Law Marks"):[1]

| **Trademark** |
| TWENTY ONE and Bird Design |
| XXI and Bird Design |
| 21 |
| I ♥ H81 |
| F21 |
| HTG81 |
| FAITH 21 |
| I LOVE H81 |
| 2.1 DENIM |
| LIFE IN PROGRESS |
| JOY 21 |
| PEACE 21 |
| 21 MEN |
| TWENTYONE MEN |
| SOPHIE & ME |
| CEREAL |

3. WHEREAS on March 7, 2011, Forever 21 filed its Complaint in this Civil Action No. CV11-01931 GW (FMOx) against Hi Fashion, alleging causes of action under §32(1) of the Lanham Act (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin Hi Fashion's current and prospective

---

[1] All of Forever 21'sw trademarks including the FOREVER 21 Registered Marks and the FOREVER 21 Common Law Marks are referred to collectively herein as "the FOREVER 21 Marks."

infringement and dilution of the FOREVER 21 Marks and unfair competition, and to recover monetary damages resulting from those actions.

4. WHEREAS Forever 21 served the Complaint on Hi Fashion on March 25, 2011.

5. WHEREAS after reviewing the papers and evidentiary support provided to Hi Fashion throughout good faith settlement negotiations, Hi Fashion has agreed to stipulate to the issuance of a permanent injunction with respect to matters referenced in this Stipulation.

6. WHEREAS Hi Fashion admits that, without Forever 21's knowledge or consent and based on information provided to Hi Fashion by Forever 21, it purchased and sold in interstate commerce counterfeit and non-genuine clothing products which displayed, infringed, and diluted the FOREVER 21 Marks.

7. WHEREAS the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent Injunction Order on this Stipulation for Entry of Permanent Injunction; provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that Hi Fashion may offer proof in defense of Forever 21's claims for damages.8. WHEREAS the parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT Hi Fashion and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with it, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

    a. The import, export, making, manufacture, reproduction,

assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit Forever 21 product identified in the Complaint and any other unauthorized Forever 21 product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

    b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any FOREVER 21 Mark, trade name and/or trade dress including, but not limited to, any FOREVER 21 Mark at issue in this action.

    c. The unauthorized use, in any manner whatsoever, of any Forever 21 trademark, trade name and/or trade dress including, but not limited to, the FOREVER 21 Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

      i. on or in conjunction with any product or service; and

      ii. on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Hi Fashion originates from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21.

      e.      Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Hi Fashion itself is connected with, or is in some way sponsored by or affiliated with Forever 21, purchases product from or otherwise has a business relationship with Forever 21.

      f.      Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Forever 21.

      g.      Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of the FOREVER 21 Marks; and/or

      h.      Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any FOREVER 21 Mark or which otherwise refer or relate to Forever 21 or any FOREVER 21 Mark.

9. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

///

///

10. The Court finds there is no just reason for delay in entering this

Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

IT IS SO ORDERED.

DATED: June 23, 2011

_____
Hon. George H. Wu
United States District Court Judge for the
Central District of California