*MADE JS-6*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a California Corporation, | Case No.:  CV11-01931 GW (FMOx) |
| Plaintiff, | **FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT HI FASHION, INC.** |
| v. | |
| HI FASHION, INC.,  a California Corporation, et al., | |
| Defendants. | |

The Court, pursuant to the Stipulation for Entry of Final Judgment, Including Permanent Injunction ("Stipulation"), between Plaintiff FOREVER 21, INC. ("Plaintiff"), and Defendant HI FASHION, INC. ("Defendant"), hereby ORDERS, ADJUDICATES, and DECREES that final judgment, including permanent

injunction, shall be and hereby is entered on the Complaint in the above-referenced matter as follows:

1.   **FINDINGS OF FACTS.**

   A.   FOREVER 21 is the owner of numerous trademarks which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including clothing and accessories.  FOREVER 21 owns all rights in and to a family of FOREVER 21 federally registered trademarks which include the following, among others (federally registered trademarks collectively, "FOREVER 21 Trademarks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| FOREVER 21 | 2,583,457 | June 18, 2002 |
| FOREVER 21 | 2,836,546 | April 27, 2004 |
| FOREVER 21 | 2,913,132 | December 21, 2004 |
| FOREVER 21 | 2,067,637 | June 3, 1997 |
| XXI | 2,873,174 | August 17, 2004 |
| XXI | 2,914,810 | December 28, 2004 |
| XXI | 2,842,184 | May 18, 2004 |
| HERITAGE 1981 | 3,447,097 | June 10, 2008 |
| FORLOVE21 | 3,140,565 | September 5, 2006 |
| FORLOVE21 | 3,140,561 | September 5, 2006 |
| LOVE & BEAUTY | 3,794,963 | May 25, 2010 |
| LOVE 21 | 3,775,903 | April 13, 2010 |
| TWELVE BY TWELVE | 3,518,050 | October 14, 2008 |
| FOREVER STATIONERY | 3,689,946 | September 29, 2009 |
| FOREVER XXI | 2,889,536 | September 28, 2004 |
| FOREVER XXI | 2,940,346 | April 12, 2005 |
| FASHION 21 | 2,848,238 | June 1, 2004 |
| F21 | 3,900,668 | January 4, 2011 |

| | | |
|---|---|---|
| HTG81 | 3,836,163 | December 17, 2010 |
| FAITH 21 | 3,865,236 | October 19, 2010 |
| I LOVE H81 | 3,882,470 | September 14, 2010 |
| LIFE IN PROGRESS | 3,887,094 | December 7, 2010 |
| 2.1 DENIM | 3,848,716 | September 14, 2010 |

Further, Plaintiff also owns all rights in and to a family of Forever 21 common law trademarks which include the following:

TWENTY ONE and Bird Design

XXI and BIRD

21

JOY 21

I ♥ H81

PEACE 21

CEREAL

B.      Consumers and/or purchasers of FOREVER 21's clothing and related accessories have come to know and recognize Plaintiff's FOREVER 21 Trademarks, and Plaintiff has acquired a valuable reputation and goodwill among the public as result of such association, innovation, and substantial investment in its branding.   Indeed, Forever 21 Trademarks are famous in the United States and abroad.

C.      Defendant acknowledges and does not dispute FOREVER 21's exclusive rights in and to the FOREVER 21 Trademarks, including the exclusive right to distribute products utilizing such Trademarks.

D.      Defendant has willfully and intentionally distributed and sold clothing products bearing and/or utilizing one or more FOREVER 21 Trademarks without the authorization from Plaintiff.

E.      Defendant acknowledges that its sale of the clothing products included the sale of products which displayed one or more FOREVER 21 Trademarks; that

its activities were not authorized by Plaintiff; and that its conduct and activities are claimed by Plaintiff to constitute federal Trademark Infringement, False Designation of Origin/Unfair Competition, Dilution, Unfair Business Practices under California law, and other violations of various state and federal statutory and common law.

2.    **MONETARY JUDGMENT.**  Plaintiff is entitled to a judgment in its favor and against Defendant in the sum of One Million Dollars ($1,000,000.00) on Plaintiff's Complaint for Damages.

3.    **PERMANENT INJUNCTION.**  The Court finds there is no reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.  Defendant and any person or entity acting in concert with, at direction of, or authorizing or assisting any third party engaging in, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any other parties or individuals over which Defendant may exercise control, are hereby restrained and permanently enjoined, pursuant to 15 U.S.C. §1116(a), from engaging in any of the following activities in the United States and throughout the world:

a.    copying, manufacturing, exporting, marketing,  displaying, selling, offering for sale, reproducing, brokering, consigning, shipping, licensing, developing, delivering,  or distributing any product or service that uses, or otherwise makes any use of, Plaintiff's Forever 21 Trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of Plaintiff's Forever 21 Trademarks in connection with internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b.      performing or allowing others employed by or representing it, or under its control, to perform any act which is likely to injure Plaintiff's rights in the Forever 21 Trademarks; and

c.      engaging in any acts of federal and/or state trademark infringement, false designation, unfair competition, and dilution, which would damage or injure Plaintiff's rights in its Forever21 Trademarks.

4.    **FOREFEITURE.**  Defendant is ordered to deliver immediately to Plaintiff for destruction all unauthorized products labels, tags, signs, prints, packages, wrappers, receptacles, and advertisements relating thereto in its possession or under its control bearing any of Plaintiff's Forever 21 Trademarks or any simulation, reproduction, copy or colorable imitation thereof to the extent that any of these items are in Defendant's possession or control.

5.    **SCOPE OF ENFORCEABILITY.**  This Final Judgment shall only apply to present claims of Plaintiff FOREVER 21, INC. to the date of execution by the Court, and *does not include any future unknown claims that may arise thereafter*.

6.    **NO APPEALS and CONTINUING JURISDICTION.**  No appeals shall be taken from this Final Judgment, Including Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment, Including Permanent Injunction, herein.

/ / /

/ / /

/ / /

/ / /

1    7.    **NO FEES and COSTS.**  Each party shall bear its own attorneys' fees
2  and costs incurred in this matter.

3

4    IT IS SO ORDERED, ADJUDICATED, and DECREED this 14th day of
5  December, 2011.

6

7    _____

8    HON. GEORGE H. WU,
     United States District Court Judge for the
9    Central District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28